Blair v. Deep et. al., No. 5-1-13 Bncv (Wesley, J. Feb. 26, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

**SUPERIOR COURT**                                          **CIVIL DIVISION**
**Bennington Unit**                                          **Docket No. 5-1-13 Bncv**

| | |
|---|---|
| **Patricia and Randy Blair,** **Plaintiff.** **v.** **Michael Deep and North Brach Street** **Realty Trust,** **Defendants.** | |

### Decision and Order Granting Plaintiffs' Pending Discovery Motions

Plaintiffs were tenants of Defendants. Plaintiffs sue Defendants for trespass, conversion, destruction of personal property, damage to personal property, intentional infliction of emotional distress, right of sepulcher, entry without notice, failure to return a security deposit, and deprivation of a tenant's property.  Tenants seek compensatory damages, punitive damages, attorney's fees, and costs.  Allegedly, the underlying events occurred when Defendants illegally evicted Plaintiffs from their apartment. In the process of evicting Plaintiffs, Defendants placed Plaintiffs' property outside and later took it to a landfill.  Plaintiffs may have recovered some of the property, but much of the property was damaged by rain. Patrick Bernal, Esq. represents Plaintiffs. Harry Ryan, Esq. represents Defendants.

This case is scheduled for a jury trial on April 1, 2014. There are two discovery motions that the Court must resolve.

1) *Motion to Compel*

Plaintiffs filed a motion to compel discovery (MPR 4).[1]  Plaintiffs seek information about fact witnesses, complaints made to Defendants about Plaintiffs, rental ownership, the bank holding Plaintiffs' security deposit, and the criminal history of Mr. Deep.  Plaintiffs also seek any exhibits Defendants intend to offer, lease agreements, ledgers about rental payments, insurance policies, code inspection reports, and photographs of the property relevant to this case. Defendants claimed these requests are overly broad, privileged by attorney-client privilege, or privileged by attorney work product. Defendants' answers to Plaintiff's discovery requests offer little or no explanation beyond such conclusory categorizations. Defendants did not provide a privilege log.

The Court directs Defendants to comply with Plaintiffs' discovery requests.  Generally, parties may seek discovery of any relevant non-privileged information. V.R.C.P. 26(b)(1). A

---

[1] On February 19, 2014, Defendants wrote the Court to indicate they filed supplemental responses to Plaintiffs. Without knowing the contents of the responses, the Court cannot evaluate if Defendant's supplemental responses complied with the discovery rules.

party that withholds information under a claim of privilege must do so explicitly and must describe the nature of the withheld information. V.R.C.P. 26(b)(5)(A). Plaintiffs' responses are too vague to support claims of privilege. Moreover, stating "no response required" is not an acceptable response to a discovery request. A party should either answer a discovery question or explain why the party cannot answer that question.

Question 9 requests Defendants identify all fact witnesses and provide their contact information. Defendant argues this request is protected by attorney work product. The names and contact information of fact witnesses is not attorney work product. The Court directs Defendants to answer this question.

Question 12 requests Defendants identify all complaints about tenants. Defendants may argue Plaintiffs were problem tenants. Defendants claim this request is too broad. Defendants offered no further information about why this request is broad and burdensome. The request is potentially important to Defendants' case, and plainly involves either admissible evidence, of information reasonably likely to lead to the development of admissible evidence. V.R.C.P. 26(b)(1). Defendant has failed to support the claim that the request is either overly broad, or unduly burdensome.

Questions 14 and 15 request Defendants state the number of properties they rent in Vermont and Massachusetts. Defendants stated they only rent one property in Vermont but refused to answer the question about Massachusetts as overly broad and burdensome. Again, Defendants provide little additional explanation for the claim that they should be spared the duty to respond. Thus, the Court has no information with which to evaluate Defendants' claim of overbreadth.

Question 23 requests the name of the bank that holds Plaintiffs' security deposit. Defendants claim the question is not reasonably calculated to lead to admissible evidence. This misperceives the permissible scope of discovery as to possible forms of relief. If Plaintiffs secure judgment, they may be entitled to trustee process. The name of the bank is relevant discovery to learn basic information about Defendants' assets.

Question 27 and 28 request information about whether Mr. Deep has ever been convicted of a felony. Defendants claim the requests are too broad because they are not time limited. The Court may exclude evidence at trial about certain felonies based on the time that elapsed since the conviction, or when balancing probity against prejudice. Again, however, Defendants' unelaborated claim of overbreadth does not support the failure to respond to a query which may arguably result in admissible evidence, depending on other rulings at trial.

Plaintiffs also seek production of documents. Defendants claim that all documents referenced in the interrogatories are protected by attorney work product. Defendants have not complied with V.R.C.P. 26(b)(5) as regards the specificity necessary to invoke the claimed privilege. Based on the response, the Court finds it extremely unlikely these documents are all protected by attorney work product. Similarly, copies of exhibits that Defendants will offer at trial are not protected by attorney work product. Moreover, Defendants must provide complete copies of the lease agreement, ledgers of rent payment. Insurance policies are discoverable under

V.R.C.P. 26(b)(2) and expert reports are discoverable through V.R.C.P. 26(b)(4)(A)(iii). Requests for written complaints about Plaintiffs and for code inspection reports of the property involved in this case are not overly burdensome. Images or videos of the facts alleged in this case are not protected by attorney work product or attorney client privilege.

2) *Motion in Limine*

Randy Blair has an extensive criminal history that includes sixteen convictions in Vermont since 1990. Five of these convictions are felonies, which were a lewd and lascivious conduct conviction in 1992, three felony violations of abuse prevention orders in 2000 and 2012, and an aggravated domestic assault. None of the crimes involved dishonesty.

Under V.R.E. 404(b), character evidence is not admissible to show a person conformed to a character trait on a given occasion. However, a party may impeach a witness using prior convictions under V.R.E. 609(a). The offered convictions must have occurred within the last fifteen years. *See* V.R.E. 609(b). Moreover, all evidence must pass the balancing test for substantial prejudice under V.R.E. 403.

In this case, the Court will likely exclude all of the convictions. Four of the five convictions are in the last fifteen years. Defendants argue the convictions are relevant to show lack of emotional distress. That is, Defendants believe Patricia Blair could not have valued the ashes of her unborn children because she left them in the house with Randy Blair when she moved out after Randy Blair abused Patricia Blair. Moreover, Defendant will argue that any emotional damage to the Plaintiffs and their children is attributable not to Defendants' actions but to Randy Blair's criminal activities. These arguments are too attenuated to pass the V.R.E. 403 balancing test. The probative value of Randy Blair's convictions is minimal to the facts of this case. The Court concludes at this juncture that emphasis on Blair's extensive criminal history is likely to substantially prejudice the jury, a danger that far outweighs any arguable probative value, particularly as on the current record its only apparent proper function would be as impeachment during cross examination of Mr. Blair, should he testify.[2]

As with any motion in limine, this ruling may be revisited at trial in light of the actual state of the evidence.

---

[2] By this ruling the Court limits its consideration to evidence of the convictions themselves, expressing no judgment as to the relevance or admissibility of evidence of any acts which may have formed the basis for such convictions.

**Order**

      The Court **GRANTS** Plaintiffs' motion to compel discovery.  Defendant shall comply no later than March 7, 2014. The Court **GRANTS** Plaintiffs' motion in limine, subject to reconsideration based on the state of the evidence a trial

Dated at Bennington, Vermont on February 26, 2014.

John P. Wesley
Superior Court Judge